IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC BURGIE,
ADC #120956                                                                                              PLAINTIFF

5:07CV00008BSM/HLJ

LARRY NORRIS, et al.                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

1

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

### **DISPOSITION**

This matter is before the Court on plaintiff's motion to voluntarily dismiss this action, pursuant to a settlement agreement with defendants (DE #110), and on the motion of plaintiff's Court-appointed attorney, Aaron Squyres, to withdraw, in light of plaintiff's subsequent letter to him, asking not to settle and not to dismiss (DE #111). Defendants filed a response to the motions (DE #112) and plaintiff filed pro se responses to the filings (DE ##116-118).

The Court held a hearing on these motions on April 20, 2009. Following a statement by Mr. Squyres in support of his motion to withdraw, the Court granted the motion. The Court then heard testimony from the plaintiff and received exhibits from Mr. Squyres and defendants. The Court now enters the following findings and recommendation.

### I. Facts

Plaintiff, a state inmate presently incarcerated at the Maximum Security Unit (MSU) of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations of excessive force and failure to protect by defendants. Attorney Squyres was appointed as counsel to represent plaintiff by Order dated February 28, 2008. According to his statement, in October, 2008, attorney Squyres received information that plaintiff agreed to settle with the defendants. Following a conference call with plaintiff and defendants' counsel, attorney Squyres then met with plaintiff at the Varner Super Max Unit on December 2, 2008. After several hours of discussion, a settlement agreement was reached between the parties. When attorney Squyres

presented the agreement to the plaintiff for his signature, he objected to one of the terms of the agreement and refused to sign.  The term at issue was the condition that plaintiff waive his claims in this and an unrelated lawsuit, Burgie v. Norris, 5:06cv00210JWC.  At that time, attorney Squyres indicated they would proceed to trial, and gathered his belongings to leave the Unit.  Plaintiff stopped his attorney, stated he would like to settle, and signed the settlement agreement, an acknowledgment and consent to settle, and a motion to dismiss this action. Attorney Squyres then forwarded copies of the documents to defendants' counsel for their signature, and received the signed documents from defendants on December 9, 2008.  On December 10, 2008, Squyres filed the documents with the Court, but later that same day received a letter from plaintiff indicating that he had changed his mind and no longer wished to settle.

      Plaintiff did not dispute the statements made by attorney Squyres at the hearing or in the motions to dismiss and to withdraw.  Under questioning by attorney Squyres (following the granting of his motion to withdraw), and questioning by defendants' counsel, plaintiff stated he originally agreed to settle this case because he wanted to be transferred from the Varner Super Max Unit to the MSU.  One of the provisions of the settlement agreement was that upon his transfer to the MSU, if he remained disciplinary-free for sixty days, he would be allowed to transfer into the general population of the Unit.  See Court's Ex. 1.  At the hearing, plaintiff stated he understood that provision to mean that he would immediately be integrated into the general population area upon his transfer, and that when he later received a copy of the settlement agreement on December 30 or 31, he realized he misunderstood and decided he was not in agreement with the provision.

      However, plaintiff also testified that he read some of the agreement before signing it, that his attorney read to him the relevant edited portions of the agreement involving the transfer issue, and explained the agreement to him before he signed it.  Yet, plaintiff stated he wrote a letter to his attorney later that same day, December 2, 2008,  stating he changed his mind and no longer wished to settle.  Plaintiff stated to the Court that he felt pressure from the defendants to settle both his

3

lawsuits in exchange for his transfer to the MSU.

In response to questions from defendants' attorney, plaintiff admitted that two days after changing his mind, he signed a similar settlement agreement in his other lawsuit, 5:06cv00210, which contained the same provision concerning reintegration into general population only if he remained disciplinary-free for sixty days. See Defense Ex. A. He also complained that five days after he was transferred to MSU, he received a disciplinary violation, and claims he received it in retaliation from non-party Unit employees.

## II. Issue

In Worthy v. McKesson Corp., 756 F.2d 1370 (8th Cir. 1985), the parties entered into an oral agreement settling the claims prior to trial, but before a written settlement agreement was signed, one of the parties changed his mind and asked the Court to re-schedule the trial. The district court granted the other parties' request to enforce the agreement. The Eighth Circuit affirmed, stating abundant evidence existed concerning the parties' intent to settle all claims and that the agreement was knowing and voluntary. The Court stated, "parties to a voluntary settlement agreement cannot avoid the agreement simply because the agreement ultimately proves to be disadvantageous." 756 F.2d at 1373.

In this case, plaintiff admits he understood the agreement at the time he signed it, and understood that he would be dismissing his two lawsuits in exchange for his transfer to the MSU. However, although plaintiff states that he did not become aware of the sixty-day disciplinary-free portion of the agreement until he read the entire agreement several weeks after he signed it, the letter he wrote to attorney Squyres stating he changed his mind was written the same day he signed the agreement. He also admits to having signed a nearly-identical settlement agreement in his other lawsuit, two days after he claims he changed his mind about settling this lawsuit. Finally, he also admits that he later changed his mind because he stated he felt pressured to dismiss his two lawsuits.

Therefore, the Court finds the parties fully intended to settle all claims and that plaintiff knowingly and voluntarily entered into the agreement.  As the Court stated in <u>Worthy</u>, <u>supra</u> at 1373, "parties to a voluntary settlement agreement cannot avoid the agreement simply because the agreement ultimately proves to be disadvantageous."  In light of such, the Court finds plaintiff's motion to voluntarily dismiss this action should be granted.  Accordingly,

    IT IS, THEREFORE, ORDERED that the motion to withdraw, filed by plaintiff's Court-appointed attorney (DE #111), is hereby GRANTED.

    IT IS FURTHER ORDERED that plaintiff's motion to voluntarily dismiss this action (DE #110) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

    IT IS SO ORDERED THIS 21st day of April, 2009.

_____
        *Henry L. Jones, Jr.*
United States Magistrate Judge